UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RMS TITANIC, INC. and
PREMIER EXHIBITIONS, INC.,

     Plaintiffs,

v.                                      **Case No.: 3:13-cv-463-J-20-TEM**

KINGSMEN CREATIVES, LTD., and
KINGSMEN EXHIBITS, PTE, LTD.,

     Defendants.

_____/

## O R D E R

THIS CAUSE is before this Court on Defendants Kingsmen Creatives Ltd. and

Kingsmen Exhibits Pte Ltd.'s (collectively, "Defendants") Motion to Dismiss (Dkt. 7), Plaintiffs

RMS Titanic, Inc. and Premier Exhibitions, Inc.'s (collectively, "Plaintiffs") response in

opposition to Defendants' Motion to Dismiss (Dkt. 22), Plaintiffs' Motion for Limited

Jurisdictional Discovery and Evidentiary Hearing (Dkt. 20), Plaintiffs' Request for Oral

Argument on Defendants' Motion to Dismiss (Dkt. 21), and Defendants' Motion to Stay

Discovery and Related Deadlines (Dkt. 29).

## I.    BACKGROUND

Plaintiffs are Florida companies with their principal places of business in Atlanta,

Georgia. (Compl. ¶¶ 1-2). Defendants are Singapore companies with their principal places of

business in Singapore. (Decl. Chong Siew Ling ¶¶ 3-7). Plaintiffs, who own various Titanic

artifacts, partner with venues to host exhibits that recreate aspects of the Titanic. (Compl. ¶¶ 9-

11). Defendants are in the business of designing and producing exhibits for museums, thematic

events, promotional functions, and exhibitions. (Decl. Chong Siew Ling ¶ 3).

On June 13, 2011, Plaintiffs contracted with a promoter, who is not a party to this action, to present a Titanic Exhibition in Singapore (the "Singapore Exhibition"). (Compl. ¶¶ 20-21). Thomas Zaller, who is also not a party to this action, was a consultant to that promoter, in charge of the venue where the Singapore Exhibition would be staged. (Compl. ¶ 21). Zaller and the promoter hired Defendants to build a raised glass floor in one of the exhibit's rooms. (Compl. ¶ 22; Decl. Chong Siew Ling ¶¶ 16, 32).

Plaintiffs maintain that after certain confidentiality provisions, representations and warranties were agreed upon, Plaintiffs provided Zaller and Defendants access to key tangible personal property and intellectual property. (Compl. ¶ 28). The property was provided by way of electronic mail and contained files describing "the floor plan" as well as other specifications used in staging Plaintiffs' exhibits. *Id.*

Approximately a year after the Singapore Exhibition, Zaller's Singapore-based company hired Defendants to assist with the design, construction, and installation of another Titanic exhibit in Macau, China (the "Macau Exhibition"). (Compl. ¶ 29; Decl. Chong Siew Ling ¶¶ 20-22). Except the installation of the components of the design which took place in Macau, all the work on the Macau Exhibition was carried out by Defendants in Singapore. (Decl. Chong Siew Ling ¶ 24). While preparing for the Macau Exhibition, Defendants purchased an ice-berg prop from AES, a Florida-based company; Defendants' interaction with AES was through electronic mail and the telephone. (Compl. ¶¶ 39-40; Decl. Chong Siew Ling ¶ 25). The ice-berg prop was designed, processed, and manufactured at the AES facilities in Jacksonville, Florida. (Compl. ¶ 42).

Plaintiffs have brought suit against Defendants claiming that the Macau Exhibition is a striking copy of the Plaintiffs' Singapore Exhibition, and that it was built by Zaller and Defendants using the confidential information provided by Plaintiffs for the staging of the Singapore exhibition. (Compl. ¶ 29). Plaintiffs Complaint, filed on April 29, 2013, alleges conversion (Count I), unjust enrichment (Count II), trade dress infringement (Count III), misappropriation of trade secrets (Count IV), and civil conspiracy (Count V).

## II.   DISCUSSION

In a diversity action, federal courts may exercise jurisdiction over a foreign defendant if (1) "there is a basis for the assertion of personal jurisdiction under the state statute," and (2) "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (internal quotation marks omitted).

Florida's long-arm statute is to be strictly construed. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983). Because the construction and application of the Florida long-arm statute is a question of Florida law, a federal court is required to construe the long-arm provisions as would the Florida Supreme Court. *Id.* The Florida long-arm statute provides in relevant part:

> (1)(a)  A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business venture in

3

this state or having an office or agency in this state.

2. Committing a tortious act within this state.

. . . .

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury,

. . . .

a. The defendant was engaged in solicitation or service activities within this state; . . . .

Fla. Stat. Ann. § 48.193(1)(a) (2013).

Under Florida law, the plaintiff bears the burden of proving personal jurisdiction over a non-resident defendant "[w]hen a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990). Where the "evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

**A. Florida Long-Arm Statute**

Plaintiffs assert personal jurisdiction over Defendants under § 48.193(1)(a)(1), (2), and (6)(a). Specifically, Plaintiffs allege that: (1) Defendants operated, conducted, engaged in and carried on their businesses in Florida; (2) Defendants committed a tortious act in Florida; and (3) Defendants caused injury to the Plaintiffs' property within Florida. Defendants challenge personal jurisdiction, claiming that the only event connecting them to Florida is a one-time purchase of the ice-berg that was used in the Macau Exhibition.

4

In response Defendants maintain that Florida's long-arm provisions do not reach their conduct within this State.  Defendants allege that a single purchase qualifies neither as conducting business in Florida, under § 48.193(1)(a)(1), nor as committing a tortious act under § 48.193(1)(a)(2).  Further, Defendants assert that jurisdiction is improper under § 48.(1)(a)(6)(a) because Plaintiffs allege only economic injury.

Plaintiffs counter that Defendants misused Plaintiffs' confidential business information when they sent Plaintiff's property to Florida for unauthorized use by a third party.  According to Plaintiffs, Defendants' conduct constituted conversion, as well as an act in furtherance of conspiracy, and is sufficient to qualify as a tortious act under § 48.193(1)(a)(2).

### 1.  Conducting Business in Florida under Section 48.193(1)(a)(1)

"In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So. 2d 561, 564 (Fla. 1975).

A single purchase of an ice-berg does not show a general course of business activity.  In fact, Plaintiffs admit in the Complaint that Defendant Kingsmen Exhibits Pte Ltd. ("KE") performed all its work from Singapore.  While KE made telephone calls and sent e-mails into Florida, these communications cannot constitute "conducting business" in Florida. *See Horizon Aggressive Growth v. Rothstein-Kass*, 421 F.3d 1162, 1167 (11th Cir. 2005) (finding that the defendant's telephonic and electronic communication into Florida, did not constitute "conducting business" in Florida because "conducting business from a California office *as if* in Florida is

5

insufficient under the plain text of the statute") (emphasis added); *see also Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996) (finding that making phone calls from Canada to Florida did not amount to "conducting business" in Florida).

### 2. Committing Tortious Act in Florida under Section 48.193(1)(a)(2)

For purposes of § 48.193(1)(a)(2), a defendant need not be physically present in Florida for the tortious act to occur in Florida. *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1208-12 (Fla. 2010). A defendant can commit a tortious act in Florida by sending telephonic, electronic, or written communications into Florida, provided the cause of action arises from those communications. *Id.* at 1208; *see Acquadro v. Bergeron*, 851 So. 2d 665, 671 (Fla. 2003) (finding personal jurisdiction when a non-resident defendant allegedly defamed a Florida resident during a phone call made into Florida). Therefore, there must be some "connexity" between the out-of-state communications and the cause of action such that the cause of action "would depend upon proof of either the existence or the content of any of the communications . . . into Florida." *Carlyle v. Palm Beach Polo Holdings, Inc.*, 842 So. 2d 1013, 1017 (Fla. 4th DCA 2003).

While Plaintiffs claim that Defendants solicited AES in Jacksonville, Florida, by telephonic, electronic, or written communications, the allegations in the Complaint do not arise out of those communications. Instead, all of the Plaintiffs' claims—conversion, unjust enrichment, trade dress infringement, misappropriation of trade secrets, and civil conspiracy—resulted from the Macau Exhibition, not from the communications between Defendants and AES.

Defendants' purchase of the ice-berg is not the act on which Plaintiffs based their causes of action. Moreover, nothing in the complaint suggests that any of the Plaintiffs' causes of action

6

would depend upon proof of either the existence or the content of the communications between Defendants and AES.  In other words, there is no "connexity" between Defendants' communications with AES and Plaintiffs' causes of action.  Thus, the ice-berg purchase and the communication between Defendants and AES are merely incidental to Plaintiffs' claims and insufficient to assert personal jurisdiction under § 48.193(1)(a)(2).

### 3. Causing an Injury in Florida under Section 48.193(1)(a)(6)(a)

Exercise of long-arm jurisdiction over a non-resident when he causes injury to persons or property within the state does not apply to cases involving only economic loss unaccompanied by personal injury or physical property damage.  *Aetna Life & Cas. Co. v. Therm-O-Disc, Inc.*, 511 So. 2d 992, 994 (Fla. 1987); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Asserting personal jurisdiction over a nonresident defendant under § 48.193(1)(a)(6)(a) where the plaintiff claims only economic injury would be contrary to the legislative intent.  *Aetna Life*, 511 So. 2d at 994.

In the Complaint, Plaintiffs allege that Defendants have deprived them of potential revenues.  Thus, Plaintiffs only claim economic injury without any accompanying physical property damage or personal injury.  The Florida Supreme Court has clearly articulated that the provisions of this subsection, of the long-arm statute, contemplate personal injury or physical property damage, therefore, this Court cannot assert personal jurisdiction over Defendants based solely on Plaintiffs' economic injury.

Therefore, this Court concludes that Florida's long-arm statute does not provide this Court with jurisdiction over Defendants.

**B. Due Process**

Even assuming, *arguendo*, this Court had jurisdiction based on Florida's long-arm statute, this Court finds that it also lacks jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Defendants claim that even if the long-arm statute reached Defendants' alleged conduct, the exercise of personal jurisdiction over Defendants offends Due Process. According to Defendants, they have insufficient contacts with Florida because the conduct giving rise to the alleged causes of action occurred in Singapore. Defendants admit they purchased an ice-berg prop from Florida for the use in the Macau Exhibition, but they claim that this purchase is merely tangential to the claims in this lawsuit. Further, Defendants claim that to assert personal jurisdiction over them would offend traditional notions of "fair play and substantial justice." Specifically, Defendants argue that asking them to defend themselves in Florida is more burdensome than asking Plaintiffs to litigate in Singapore; this dispute arose in Singapore and Plaintiffs previously conducted business there.

Plaintiffs counter that Defendants have sufficient contacts with Florida because by sending misappropriated confidential business information to a Florida entity, the Defendants purposefully availed themselves of the privilege of conducting business within the forum and should have anticipated being haled into a Florida court. Defendants' one-year long communication with AES for the purchase of the ice-berg, according to Plaintiffs, meets the "minimum contacts" requirement because the ice-berg was a centerpiece of the Macau Exhibition. Furthermore, Plaintiffs argue that the assertion of jurisdiction over Defendants comports with "fair play and substantial justice" because Defendants have not demonstrated that

8

the litigation in this Court would be extremely difficult or inconvenient. It is Plaintiffs' position that litigating in this Court presents the best opportunity for the most efficient resolution of this case.

Due Process requires that a nonresident defendant have "fair warning" that a particular activity may subject him to a personal jurisdiction of a foreign state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Madara*, 916 F.2d at 1516. This requirement is satisfied if a defendant has "minimum contacts" with the forum state. *Burger King*, 471 U.S. at 474; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 857 (11th Cir. 1990). In other words, the defendant's conduct and connection with the forum must be such that he should reasonably anticipate being haled into court there. *Burger King*, 471 U.S. at 474.

Two types of personal jurisdiction exist: specific and general. "Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation." *Madara*, 916 F.2d at 1516 n. 7. Plaintiffs only argue for specific jurisdiction and there is insufficient evidence in support of general jurisdiction, therefore this Court will only discuss whether specific personal jurisdiction.

Specific personal jurisdiction is appropriate when the defendant has purposefully directed his activities to forum state and that the litigation results from alleged injuries that arise out of or relate to those activities. *Cable/Home Commc'n*, 902 F.2d at 857. The question is whether a defendant has followed a course of conduct directed at the forum state, so that the state has the power to subject the defendant to judgment concerning that conduct. *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2789 (2011). The Supreme Court has been clear that "'[s]o long as it

9

creates a 'substantial connection' with the forum, even a single act can support jurisdiction.'"
Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th Cir. 2008) (citing *McGee v. Int'l Life Ins. Co.*,355 U.S. 220, 223 (1957)). Random and fortuitous acts are not enough to confer jurisdiction. 471 U.S. at 476.

The acquisition of the ice-berg does not give rise to any claim asserted against Defendants. All the facts that form the subject matter of this action occurred abroad, and not in Florida. The fact that Plaintiffs are Florida-based corporations and that Defendants purchased the ice-berg prop from AES, another Florida corporation, does not establish that Defendants would have "fair warning" that their activities related to this matter would subject them to the jurisdiction of Florida. In other words, this incidental contact with Florida is not the type that would lead a person to reasonably expect the possibility of being haled into a Florida court. Therefore, this Court finds Defendants lack sufficient "minimum contacts" with Florida to satisfy the Due Process requirement.

Even if Defendants had sufficient "minimum contacts" with Florida, it would still have been necessary for this Court to ascertain whether its exercise of personal jurisdiction over Defendants would comport with traditional notions of "fair play and substantial justice." *Cable/Home Commc'n*, 902 F.2d at 858. Among the factors the Court must consider when determining wether this requirement has been met are: "the burden on the defendant, the interests of the forum State . . . the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the share interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987) (internal quotation marks omitted).

10

Litigating in Florida will be significantly burdensome for Defendants considering the fact that both defendants are based in Singapore and have no connections with Florida other than the one-time purchase of the ice-berg prop. On the other hand, Plaintiffs admit that they conducted business in Singapore and the dispute arose from that business and, thus, litigating in Singapore would be more convenient for both parties.

Florida may have some interest in allowing the parties to litigate here because Plaintiffs are corporations based in Florida. However, considering that it is potentially foreign law that governs this dispute and all of the Plaintiffs' claims arose out of Defendants actions abroad, there is no reason why Florida would be interested in forcing Defendants to litigate here. Further, Plaintiffs present no evidence showing why they would not be able to obtain efficient resolution of disputes in Singapore. Thus, the traditional notions of "fair play and substantial justice" also advise against the assertion of personal jurisdiction over Defendants.

## III.   CONCLUSION

Florida's long-arm statute does not provide a basis for personal jurisdiction over Defendants. Moreover, Defendants do not have sufficient "minimum contacts" with Florida to constitutionally subject them to jurisdiction in this state, and litigating the case in this Court would offend traditional notions of "fair play and substantial justice." In short, Plaintiffs' case, however meritorious it may ultimately be, cannot complete its maiden voyage because it is unable to successfully navigate the treacherous ice field of personal jurisdiction.

Accordingly it is **ORDERED**:

1. Defendants' Motion to Dismiss (Dkt. 7) is **GRANTED**;

11

2. Plaintiffs' Motion for Limited Jurisdictional Discovery and Evidentiary Hearing (Dkt. 20) is **DENIED**;

3. Plaintiffs' Request for Oral Argument on Defendants' Motion to Dismiss (Dkt. 21) is **DENIED**;

4. Defendants' Motion to Stay Discovery and Related Deadlines Pending Resolution of Defendants' Potentially Case-Dispositive Motion to Dismiss (Dkt. 29) is **DENIED** as moot; and

5. The Clerk is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of August, 2013.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Brian A. Wainger, Esq.
Emily Yandle Rottmann, Esq.
Kimberly Tolland Mydock, Esq.
Robert Eric Bilik, Esq.
Robert W. McFarland, Esq.
Charles M. Trippe , Jr., Esq.
Lillian Nash Caudle, Esq.
Robert B. Parrish, Esq.